IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILLIP M. HUDSON,

          Plaintiff,

v.

DYLON RADTKE, Administrative Captain, and
GUS GRAACK, Property (DS2),

          Defendants.

ORDER

08-cv-458-bbc

---

      On August 26, 2008, this court partially granted and partially denied plaintiff Philip Hudson's request for leave to proceed *in forma pauperis* on his action. The court granted plaintiff leave to proceed on his claim that defendants Gus Graack and Dylon Radtke withheld religious books from him in violation of the Religious Land Use and Institutionalized Persons Act, but denied him leave to proceed against the other Wisconsin Department of Corrections employees named in the complaint, whom plaintiff alleged wrongfully concluded his grievances regarding religious books were untimely, refused to provide a substitution when pork was served at the prison in which he is incarcerated, and then erred in dismissing his grievances regarding the dietary issue. Now plaintiff has filed a motion for an extension of his legal loan limit so he can make copies of and mail an appeal of this court's partial denial of his request for leave to proceed *in forma pauperis* as well as a response to defendants' answer in this action.

      Under Wis. Admin. Code § DOC 309.51, an inmate's "loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents." Whether plaintiff can convince prison officials to find extraordinary circumstances warranting an extension of this legal loan limit is not a matter in which this court will interfere. In *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th

Cir. 2003), the Court of Appeals for the Seventh Circuit held that the federal district courts in Wisconsin are under no obligation to order the state of Wisconsin to lend prisoners more money or paper than they are authorized to receive under § DOC 309.51. Therefore plaintiff's motion for an extension of his legal loan limit will be denied. Plaintiff must, like any other person on a tight budget, make careful choices about how he uses his legal loan resources. In particular, plaintiff may want to rethink his intention to file the documents he mentions in his motion. Regarding an appeal of the August 26, 2008 order partially denying plaintiff's request for leave to proceed *in forma pauperis*, that order is not a final judgment or order that may be appealed. This court may allow an immediate appeal from a non-final order when doing so would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292. However, in this case it is unlikely the court would allow an appeal from the August 26, 2008 order because, if anything, it appears that allowing an appeal would delay the ultimate resolution of this case rather than advance it. Plaintiff will be free to appeal the rulings in that order after the remaining claims in this case have been resolved and a judgment has been entered. Moreover, with regard to plaintiff's intention to file a response to defendants' answer, Fed. R. Civ. P. 7(a) forbids such a filing unless the court orders one, which it does not intend to do in this case.

There is one final issue to be addressed. Plaintiff indicates he did not send a copy of his motion to defendants' counsel because he cannot afford postage. While in this instance the court considered plaintiff's filing for the purpose of denying his motion, I wish to stress to plaintiff that, as was stated in the August 26, 2008 order, for the remainder of this lawsuit the

court will disregard any documents submitted by plaintiff unless he shows on the court's copy that he has sent a copy to defendants' attorney.

ORDER

IT IS ORDERED that plaintiff's motion for an extension of his legal loan limit (dkt. # 11) is DENIED.

Entered this 21st day of October, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge